UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JOCELYN HARGRAVE, : | |
| : | |
| Petitioner, : | Case No. 3:21-cv-266 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| RAEMEKA HOLLYFIELD, : | |
| : | |
| Respondent. : | |

___

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO VACATE STATE COURT JUDGMENT AND TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION (DOC. NO. 2)**

___

Currently before the Court is Respondent Raemeka Hollyfield's ("Hollyfield") Motion to Vacate State Court Judgment and to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). (Doc. No. 2.) Hollyfield, a supervisor for the United States Postal Service ("USPS"), is the subject of a civil stalking protection order entered by the Montgomery County Common Pleas Court. (Doc. No. 2 at PageID 24; Doc. No. 1-2.) Her subordinate, Petitioner Jocelyn Hargrave ("Hargrave"), filed for the protection order. (Doc. No. 1-1.) Hollyfield argues that the Common Pleas Court did not have subject matter jurisdiction to restrain her in her official capacity as a federal agency employee. (Doc. No. 2 at PageID 27.) Hollyfield asks that this Court vacate the Montgomery County Common Pleas Court's protection order and, subsequently, dismiss this matter for lack of subject matter jurisdiction. (*Id*. at PageID 23.)

The Court **GRANTS** the Motion with respect to its request to dismiss for lack of subject matter jurisdiction, and the Court **DISMISSES** this matter. The Court **DENIES** the Motion to the extent it seeks to vacate the Montgomery County Common Pleas Court's protection order.

1

I.   **BACKGROUND**

On July 27, 2021, Hargave filed a petition for a civil stalking protection order against Hollyfield in Montgomery County Common Pleas Court (the "State Court"). (Doc. No. 1-1.) In the petition, Hargrave stated that Hollyfield bullied her and tried to assault on her two separate occasions before Hollyfield was physically removed from the office. (*Id*. at PageID 6.) The next day, July 28, 2021, the State Court entered a protection order that required Hollyfield to stay five feet away from Hargave and to refrain from initiating contact with her. (Doc. No. 1-2 at PageID 12.) The Common Pleas Court entered a final order on September 10, 2021. (Doc. No. 1-4.) The order remains in effect until September 7, 2022.

On September 23, 2021, Hollyfield removed this matter to federal court pursuant to this Court's jurisdiction under 28 U.S.C. § 1442. (Doc. No. 1.) On September 29, 2021, Hollyfield filed the present Motion. (Doc. No. 2.) Hargrave did not file a response, and the time to do so has passed. S.D. Ohio Civ. R. 7.2. This matter is ripe for review and decision.

II.   **ANALYSIS**

Hollyfield argues that this Court should first vacate the State Court's protection order under Rule 60(b)(4). (Doc. No. 2 at PageID 25-6.) She further argues that this case must be dismissed under Rule 12(b)(1) as this Court lacks subject matter jurisdiction because USPS is immune from suit pursuant to the agency's sovereign immunity. (*Id*. at PageID 26-8.)

   a.  **Subject Matter Jurisdiction**

Hollyfield argues that the State Court lacked subject matter jurisdiction because agency officers serving in their official capacity enjoy sovereign immunity. (Doc. No. 2 at PageID 26-7.) Hollyfield argues, that under the derivative jurisdiction doctrine, when a federal officer removes a case to federal court under 28 U.S.C. § 1442, the Court lacks subject matter jurisdiction because

the state court similarly lacked subject matter jurisdiction. (*Id.* at PageID 26.) Therefore, the entire case must be dismissed. (*Id*. at PageID 27.)

Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." The standard of review for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren Cnty.*, 847 F. 3d 812, 816-17 (6th Cir. 2017) (citing *Carrier Corp. v. Outokumpu Oyj*, 673 F. 3d 430, 440 (6th Cir. 2012)). A *facial* attack "questions merely the sufficiency of the pleading." *Id*. (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F. 3d 320, 330 (6th Cir. 2007)). This requires the Court to "take[] the allegations in the complaint as true." *Id*. A *factual* attack of the subject-matter jurisdiction, however, would raise a factual controversy, and it would require the district court to weigh evidence to determine whether subject matter jurisdiction does, in fact, exist. *Id*.

The derivative jurisdiction doctrine holds that a "'federal district court does not acquire subject matter jurisdiction by removal if the state court lacked jurisdiction over the original action.'" *Fed. Home Loan Mortg. Corp. v. Gilbert*, 565 F. App'x 45, 49 (6th Cir. 2016) (quoting *W. & S. Life Ins. Co. v. Smith*, 859 F.2d 407, 409 n.4 (6th Cir. 1988)). "Despite its 'improvident name,' the doctrine 'is best understood as a procedural bar to the exercise of federal judicial power' rather than 'an essential ingredient to federal subject matter jurisdiction.'" *Gilbert*, 656 F. App'x at 53 (Sutton, J., concurring ) (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011)).

Congress abolished the derivative jurisdiction doctrine to a certain degree with passage of 28 U.S.C. § 1441(f) in 1986. However, the clear language of the statute limits its reach to "a civil action. . . removed under this section. . . ." 28 U.S.C. § 1441(f). Consequently, the doctrine still applies to cases, such as this one, removed under 28 U.S.C. § 1442. *Graeber v. Astrue*, 2:07-cr-

3

1254, 2009 U.S. Dist. LEXIS 21184, at *6, 2009 WL 728564 (S.D. Ohio Mar. 17, 2009).

A well-established principle of American law is that the United States, as the sovereign, is immune from suit unless Congress waives that immunity. *United States v. Sherwood*, 312 U.S. 584, 586-87, 61 S. Ct. 767 (1941); *Hunter v. United States*, 769 F. App'x 329, 331 (6th Cir. 2019); *see also Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 411-12, 5 L. Ed. 257 (1821) ("[t]he universally received opinion is, that no suit can be commenced or prosecuted against the United States"). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996 (1975); *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2019). Indeed, the "terms of [the United States'] consent to be sued in any court defines that court's jurisdiction to entertain the suit." *Sherwood*, 312 U.S. at 586. This immunity extends to an agency's officers acting in their official capacity. *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (citing *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993)).

There is no indication that any law passed by Congress waived the USPS' sovereign immunity to allow a state court to issue a civil protection order that restricts a USPS employee's activity in the workplace. *See Tawfiq v. Dufresne*, No. 21-cv-10976, 2021 U.S. Dist. LEXIS 244838, at *9, 2021 WL 6052343 (E.D. Mich. Nov. 30, 2021), *adopted by* 2021 U.S. Dist. LEXIS 243765, at *1, 2021 WL 6052193 (E.D. Mich. Dec. 21, 2021) (finding a personal protection order against a Veterans Affairs ("VA") supervisor was bared by the VA's sovereign immunity). Moreover, multiple courts have held that protective orders similar to those at issue here violate sovereign immunity and deprive both the state and federal court of jurisdiction. *See, e.g., Hendy v. Bello*, 555 F. App'x 224, 225-27 (4th Cir. 2014) (holding that neither possible source of a waiver of the USPS' sovereign immunity, the Federal Tort Claim Act and the Postal Reorganization Act, authorized a civil protection order against a postal worker in their official capacity); *Grace v.*

*Hughes*, No. 4:14-cv-1771, 2014 U.S. Dist. LEXIS 175373, at *3-4, 2014 WL 7333845 (E.D. Mo. Dec. 19, 2014) (dismissing, for lack of subject matter jurisdiction, an action where a USPS employee's state petition for order of protection alleged that her supervisor "aggressively harassed" her and "followed her throughout her office"); *MacDonald v. Adams*, No. 15-13994, 2016 U.S. Dist. LEXIS 130570, at *3 (E.D. Mich. Aug. 31, 2016), *adopted by* 2016 U.S. Dist. LEXIS 130582 (E.D. Mich. Sept. 23, 2016) (dismissing, for lack of subject matter tjurisdiction, an action where a USPS employee asked the state court to restrain his supervisor from communicating or approaching him at work); *Tawfiq*, 2021 U.S. Dist. LEXIS, at *9. Such is the case here as well. Simply put, there is no indication that Congress has waived USPS' sovereign immunity for the purposes of a civil protection order.

The Court finds that USPS, and (by extension) Hollyfield, is immune from suit in this case and this Court lacks subject matter jurisdiction. Therefore, the case is dismissed.

### B. Motion to Vacate

The Court also addresses Hollyfield's request that the State Court's civil protection order be vacated pursuant to Rule 60(b)(4). Under Rule 60(b)(4), "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect." *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)). Under Rule 60(b)(4), a judgment is rendered void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)).

However, Rule 60(b)(4) does not grant this Court the power to vacate or otherwise reconsider a state court order. *See Mather v. First Hawaiian Bank*, No. 14-00091, 2014 U.S. Dist.

5

LEXIS 175410, *8-9, 2014 WL 7334880 (D. Haw. Dec. 19, 2014) ("Rule 60(b)(4) does not allow this court to vacate state-court orders and judgments as void"); *Roggio v. F.D.I.C.*, No. 09-cv-1733, 2018 U.S. Dist. LEXIS 230398, at *4-5, 2018 WL 3838193 (D.D.C. May 14, 2018) (finding that Rule 60(b)(4) "does not authorize this [c]ourt to vacate or otherwise reconsider a state court judgment"); *Miran v. Solomon*, No. 1:15-cv-6133, 2019 U.S. Dist. LEXIS 191094, *7-8, 2019 WL 5694225 (W.D.N.Y. Nov. 4, 2019) ("Rule 60(b)(4) does not permit this [c]ourt to declare the judgment of a State court void"). Indeed, as the Sixth Circuit recently held, orders of the state court are not literally "transformed" into orders of the district court merely by being removed to federal court. *Schuler v. Adams*, 27 F.4th 1203, 1209-10 (6th Cir. Mar. 7, 2022) (interpreting 28 U.S.C. § 1450). Therefore, the Court cannot void the State Court's order.

Even if this Court cannot vacate the State Court's order, a federal court may find the state court's judgment is void *ab intio* and refuse to give the decision effect in any future federal proceeding. *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 299 (6th Cir. 2005) (citing *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 392, 106 S. Ct. 1904 (1986)).

Therefore, the Court denies the Motion to the extent Hollyfield asks this Court to vacate the State Court's protective order.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Respondent Raemeka Hollyfield's Motion to Vacate State Court Judgment and to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 2). The Court find that it lacks subject matter jurisdiction, and the case is **DISMISSED**. This case shall be **TERMINATED** on the Court's docket.

6

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, April 20, 2022.

                                                                       s/Thomas M. Rose

                                                _____
                                                          THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE